Divorce Jackson pled guilty to being a felon in possession of a firearm and his sentence was enhanced by the Armed Career Criminal Act because of three purported violent felonies, two burglaries and one aggravated robbery. Jackson is asking this court to vacate his sentence and remand for resentencing because at the time of his conduct, burglaries were not considered predicate felonies under the Armed Career Criminal Act under this court's precedent and retroactive application of case law that squarely overrules prior case law violates due process. In addition, since recently the United States Supreme Court came out with a court case you're and the Borden held that an offense containing a component of recklessness could not serve as a predicate for the Armed Career Criminal Act. Jackson contends that armed robbery is an offense that contains a component of recklessness and therefore cannot be considered as a predicate under the Armed Career Criminal Act. With respect to the violation of due process, at the time of Jackson's offense, August 2, 2018, this court had held in United States v. Herod or Harold, sorry, which is referenced often as Harold 1, that no form of burglary whatsoever constituted a violent felony under the Armed Career Criminal Act. Harold 1 was later vacated but it was over a year later and Jackson's contends that the retroactive application of that case law occurring over a year after the conduct of his offense would violate his due process as that case law squarely overruled prior case law that was stated in Harold 1. Our brief has cited United States Supreme Court precedent of Bowie v. City of Columbia and Marks v. United States in support of this legal proposition. The district court relied on United States v. Burris in concluding that Bowie didn't apply but Burris has subsequently been vacated. Jackson contends that the change to the law based on the prior, it was not based on a actually bring the law to become consistent with the subsequent Supreme Court opinion and there were no consensus in other circuits about burglaries, you know, not, or burglaries actually constituting predicates under the Armed Career Criminal Act. In fact, several circuits had held that burglaries did not line up with the generic definition of burglary under the Armed Career Criminal Act. Jackson contends that . . . There was a circuit split, right? That's why the Supreme Court took it up. Yes, there was. It seems to me your position would mean anytime the Supreme Court resolves a circuit split and basically, there's all these categorical crime cases all the time at the Supreme Court. Anytime the Supreme Court resolves a split in favor of the government's position, the prosecution, that a defendant would then, in one of the circuits where the defendant's position had previously prevailed, the defendant would be able to make this retroactive argument. Do you make that your position? I think the fair notice standard is the, applies to the understanding of an ordinary citizen. So, I don't think an ordinary citizen would be expected to, you know, understand the, what the law is across all circuits and the potential for a Supreme Court resolving a circuit split. So, your answer is yes. Yes. Your position would be anytime the Supreme Court resolves one of these cases in favor of the government in a circuit that, like ours in Herald One, that had taken the pro-defendant position, the Supreme Court decision basically wouldn't apply. Where the law is clear and it's a square overruling. Not that the . . . Has that ever happened? Is there any court ever applying this retroactivity doctrine then in the context I'm giving? With respect to, I'm not sure about the United States Supreme Court, but with respect to Marks, and the court changed the law, I think it was the state Supreme Court, and the court applied this, you know, standard that it was a due process violation to apply the subsequently, you know, determined, or the square overruling. Actually, in that case, it wasn't a square overruling. It was just an enlargement of the current definition of the crime, and they held that it was a due process violation to apply that enlargement retroactively. And in this particular case, it would create very arbitrary results, for example, because if Jackson had, at the time of his offense, or at the time even of his charge, accepted a plea and pled guilty, his sentence could have been vacated, or before Harold was vacated, his sentence could have been significantly less. Our other argument is that with respect to Borden, there is, looking to the case law in Lerma, and I want to first acknowledge that this court has determined under Garrett that simple robbery does constitute a predicate offense for the Armed Career Criminal Act, and this court has held under Lerma that aggravated robbery constitutes a violent felony under the Armed Career Criminal Act. However, I believe the United States Supreme Court ruling in Borden alters that analysis somewhat, at least the Lerma analysis. With respect to Lerma, the court was looking at the armed robbery statute for a different purpose, and determined that it was divisible in considering different aggravating factors. With respect to the component of robbery, as a component of aggravated robbery, the simple robbery component of aggravated robbery, the court viewed it as a single element, repeatedly stated that it was not alternately phrased, referred to it as a single element or an element First of all, robbery is viewed as a single element. I think you have to consider the whole law, and it does contain a component of recklessness. One of the prongs of simple robbery contains recklessness. The other one does not, right? Sure. But I think Mathis is instructive on that point, because Mathis states that the modified approach serves and serves only as a tool to identify the elements of the crime and conviction when the state's disjunctive phrasing renders one or more of them opaque. It is not to be repurposed as a technique for discovering whether a defendant's prior conviction, even though for a true broad crime, rests on facts that could have also been satisfied with elements of a generic offense. So that case law specifically states where there's no disjunctive wording, no alternative phrasing, then you're not to drill down and use the modified categorical approach. Lerma uses that exact same phrasing from Mathis, the not alternatively phrased language, directly and applies that to the component of simple robbery. I know the government has contended that such a conclusion would be absurd, that, you know, a conclusion that simple robbery constitutes a predicate under the Armed Career Criminal Act, but not aggravated robbery. However, I would point out it's no more absurd than the conclusion that robbery by threat is a predicate while robbery by actual injury is not. And if you have no further questions, that's all I have at this time. Yes, you've saved time for a vote, Ms. Thomas. Thank you. Thank you. Okay. Thank you. May it please the court, Brian McKay on behalf of the United States. In advancing the due process claim that he's making, Mr. Jackson is truly asking the court to make a holding that is, in the truest sense, unprecedented. Despite my efforts, I can't find any case in which a court has afforded a constitutional protection over a defendant's expectation in the holding of a regional court of appeals, much less one that is not even final. And in my brief, I pointed to several characteristics about Herald One that would make reliance in August of 2018 precarious at best, to use the First Circuit's language. But in my time this morning, I want to make sure I focus on one in particular that I discuss on page 13 of my brief. And the reason I want to focus the court's attention there is because under this court's binding precedent and Supreme Court precedent, that issue is conclusive. As Judge Costa pointed out, there was an existing circuit split. Of course, from the enactment of ACCA in 1984 through Silva in 1992, Texas burglaries were treated as generic burglary. It wasn't until 2008 in this court's decision, United States v. Constante, that the court said there was one portion of that statute, subsection A-3, that it deemed non-generic. And the reason it did is because A-3, although it requires an intent to commit another offense, that intent didn't have to exist simultaneous with the unlawful entry. And this court held in Constante, reconsidered it but affirmed that principle in Herald One. They said, no, generic burglary requires that. Contrary to that, in 2012, the Fourth Circuit in United States v. Bonilla had held the otherwise. They said they recognized that A-3, it didn't require simultaneous intent, but that was okay because generic burglary didn't require it. And I pointed to United States v. Priddy from the Sixth Circuit that held similarly to Bonilla with respect to a comparable Tennessee burglary statute. So when we go to August of 2018 at the time of Mr. Jackson's offense, there was at that point a circuit split on whether specifically Texas Penal Code Section 30.02A-3 was generic burglary. There was a split on that issue. And this court and the Supreme Court, this court in United States v. Zuniga, the Supreme Court in United States v. Rogers from 1984 had spoken on it very clearly. In Rogers, the Supreme Court said, look, assuming there was reliance, and there's that issue here as well, but even assume a defendant relied on, there it was, the Friedman principle, Eighth Circuit line of cases, assuming that the defendant relied on it, there was at that moment a circuit split on whether Friedman was good law. And so it's always foreseeable that the Supreme Court will take that issue and decide it unfavorably to the defendant. And of course, this court has relied on that and repeated that in the context of a 924C legal principle in Zuniga. So this court, the Supreme Court, has spoken on it. And I am perfectly happy to talk with the court about all the other characteristics of Herald 1 that made reliance unwise. The fact that after 30 plus years of law, Herald had existed for only six months, that the cert petition was pending, a fact that this court had pointed to the fact that Herald wasn't final, that there was a cert petition pending that could upset Herald 1. I could talk about the lack of reliance, which, again, the United States court pointed to in Rogers, the First Circuit also in its decision, and Gwila. But Zuniga and Rogers show that even if we don't talk about all of that, Mr. Jackson still cannot prevail on his due process claim. Turning to the issue of aggravated robbery by threat with a deadly weapon, this court's body of case law post-Herald, post-Borden, has uniformly considered that offense. First of all, it's uniformly considered LRMA as authoritative. And it has shown that aggravated robbery by threat with a deadly weapon remains a violent felony. That conclusion has become, I think, crystallized, more crystallized in the court's recent decision, United States v. Powell. Although unpublished, adds to Lopez Rodriguez and LRMA itself in considering that particular offense a violent felony. If the court wishes to discuss that further, I'm glad to answer any questions that the court has. But if there are none, I would stand on this court's uniform body of post-Borden, post-Herald case law, and, again, on Zuniga and United States v. Rogers as, if not foreclosing, then certainly instructing that Mr. Jackson's argument on due process cannot prevail here. For those reasons, the government would ask the court to affirm the judgment here. All right. Thank you. Okay. Ms. Thomas, rebuttal? I only have a few comments in rebuttal. I would just like to reiterate the widely understood principle that the law that applies should be the law in effect at the time of the offense. But in addition, I wanted to point out that Bowie states that fair notice should be to a person of ordinary intelligence and that a person should not be held criminally responsible for conduct for which he could not reasonably understand to be prescribed. So while I appreciate opposing counsel's thorough history with respect to Herald and I don't think that's something that a person of ordinary intelligence could grasp or be expected to grasp, a person should be able to rely on being held to account for the law that is in effect at the time of the offense. Thank you, Your Honors. Thank you, Ms. Thomas. Your case is under submission and we notice that you're court-appointed and we wish to thank you for your willingness to take the appointment. You've done a good job on behalf of the client. All right.